

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
JOHN ~~XXXXXXXXXX~~RD
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Honorable L. P. Heard
County Auditor
Bell County
Belton, Texas

Dear Sir:

Opinion No. O-399
Re: Are the items submitted by
the constable and justice
of the peace authorized de-
ductions from fees?
Is it the duty of the county
auditor or the commissioners'
court to approve the annual
accounts of the above men-
tioned precinct officers?

Your recent request for an opinion of this de-
partment on the above stated questions has been received.

We quote from your letter as follows:

"Will appreciate if you will advise me with
reference to the following matters:

"We have a Constable that shows in his annual
report that his office earned and collected $3,915.50
during the year 1939; incidentally I may say that the
Commissioner's Court have left all Constables and Justice
of the Peace on the Fee basis; Along with this he also
lists as authorized deductions the following items:

| | |
|---|---:|
| "Maximum fees allowed under Art. 3883-3883d | 1,800.00 |
| Payment of Deputy Constables (whose appoint-<br>ment was approved by Com. Court) | 900.00 |
| Stationery and office supplies | 15.00 |
| Telephone and telegraph | 250.00 |
| Postage | 30.00 |
| Traveling expense | 1,200.00 |
| Total Deductions | 4,195.00 |

"No other remarks of any description are made
with reference to the Deductions, and I am just wondering
if you will advise me whether or not any or all of the

items above set out could be classed as authorized deductions.

"Also we have Justice of the Peace who shows as Authorized deductions the following:

| | |
|---|---:|
| "Maximum fees allowed | 1,800.00 |
| Stationery and office supplies | 30.00 |
| Telephone and telegraph | 50.00 |
| Traveling expense | 36.00 |
| Office Rent | 180.00 |
| Ice for office | 40.00 |
| Water bill, soap, paper etc. for wash room | 36.00 |
| Gas for heating | 60.00 |
| Lights for office, fan and radio | 60.00 |
| Janitor Service | 72.00 |
| Total | $2,454.00 |

"No other notations are made with reference to these items.

"I may say that neither myself nor the Commissioner's Court were informed of the necessity of any of these items, nor has the Court passed any orders or approval of any of the items except the appointment of the Deputies of the Constable.

"May I ask the same question with reference to the Justice of the peace as was asked about the Constable.

"Also, will you please advise me upon whom the duty of the approval of the annual account falls. It seems to me that it is incumbent upon the Commissioner's Court, but just at this time I am unable to locate the law with regards to the approval of annual reports."

The population of Bell County according to the last federal census is 50,030 inhabitants.

Article 3883, Vernon's Annotated Civil Statutes, reads in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"...

"3. In counties containing as many as thirty-seven thousand five hundred and one (37,501) and not more than sixty thousand (60,000) inhabitants, or containing a city of over twenty-five thousand (25,000) inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Thirty-five Hundred ($3500.00) Dollars each; Justice of the Peace and Constable, Eighteen Hundred ($1800.00) Dollars each."

Article 3891, Vernon's Annotated Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"...

"In counties containing as many as thirty-seven thousand, five hundred and one (37,501) and not more than sixty thousand (60,000), or containing a city of over twenty-five thousand (25,000) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to Forty-two Hundred and Fifty Dollars ($4250). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Twenty-two Hundred Dollars ($2200)."

Article 3896, 3897 and 3898, Vernon's Annotated Civil Statutes reads as follows:

"Art. 3896.  Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court.  In counties having no county auditor, it shall be the duty of the Commissioners' Court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided.

"Art. 3897.  Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court.  Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal

year which were not collected, together with
the name of the party owing said fees, com-
missions and compensations. Said report
shall be filed not later than February 1st
following the close of the fiscal year and
for each day after said date that said report
remains not filed, said officer shall be liable
to a penalty of Twenty Five ($25.00) Dollars,
which may be recovered by the county in a suit
brought for such purposes, and in addition said
officer shall be subject to removal from office.

"Art. 3898. The fiscal year, within the
meaning of this Act, shall begin on January 1st
of each year; and each district, county and pre-
cinct officer shall file his report and make
the final settlement required in this Act not later
than February 1st of each year; provided, however,
that officers receiving an annual salary as com-
pensation for their services shall, by the close
of each month, pay into the Officers' Salary Fund
or funds, all fees, commissions and compensation
collected by him during said month. Whenever such
officer serves for a fractional part of the fis-
cal year, he shall nevertheless file his report
and make final settlement for such part of the
year as he serves and shall be entitled to such
proportionate part of his compensation as the
time for his service bears to the entire year."

Paragraph (a) of Article 3899, Vernon's Annotated
Civil Statutes, reads as follows:

"(a) At the close of each month of his
tenure of office each officer named herein who
is compensated on a fee basis shall make as
part of the report now required by law, an
itemized and sworn statement of all the actual
and necessary expenses incurred by him in the
conduct of his office, such as stationery, stamps,
telephone, premiums on officials' bonds, includ-
ing the cost of surety bonds for his Deputies,
premium on fire, burglary, theft, robbery insur-
ance protecting public funds, traveling expenses
and other necessary expenses. The Commissioners'
Court of the county of the Sheriff's residence

may, upon the written and sworn application of the Sheriff stating the necessity therefor, purchase equipment for a bureau of criminal identification such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. If such expenses be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court; and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary expense of office, such item shall be by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. The amount of salaries paid to Assistants and Deputies shall also be clearly shown by such office, giving the name, position and amount paid each; and in no event shall any officer show any greater amount than actually paid any such Assistant or Deputy. The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of his official duties, which, if purchased by the County, shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be and remain the property of the county. The expense of maintenance, depreciation and operation of such automobiles as may be allowed, whether purchased by the county or owned by the Sheriff or his Deputies personally, shall be paid for by the Sheriff and the amount thereof shall be reported by the Sheriff, on the report above mentioned, in the same manner as herein provided for other expenses."

The salaries of Justices of the Peace and Constables of Bell County are respectively, Eighteen Hundred Dollars ($1800.) plus one-third of the fees collected in excess of such amount of salary, as provided in Article 3891, supra, so that such total salary shall not exceed the sum of Twenty-two Hundred Dollars.

In this connection we quote from our Opinion No. 0-131, as follows:

"We construe Article 3891 to mean that in computing the excess fees to be allowed these officers it is not permissible to compute one-third of all fees collected but only one-third of such fees in excess of and above $1,800.00. That is to say, if the total fees collected should be $3,000.00, the Justice of Peace and Constable would be entitled to retain one-third of $1200.00 which would be the sum of $400.00, thereby making the total salary and excess fees allowed to such officers to be the sum of $2200.00."

In the case of Pierson, Justice of the Peace, et al., v. Galveston County, 131 S. W. (2d) 27, referring to Article 3899, it was held, among other things, that the purpose of the statute requiring county officers to make a monthly statement of expenses incurred in the conduct of their offices was to provide a means of ascertaining the correctness of such expense items each month as they are incurred and that the actual expenses paid or incurred by such officers constitute the measure of the official's right to recoupment from the county. This case further holds that a Justice of the Peace was not entitled to recover from the county items of expense claimed for postage, traveling expenses, and messenger service during certain years while in office, where the Justice did not render monthly statements of such expenses as required by statute, but merely filed annual reports estimating the expenses in lump sum amounts. This case also further holds that the statute requiring county officers to make a monthly statement of expenses incurred in the conduct of their offices cannot be evaded by giving yearly estimates of expenses in lump sum amounts.

Referring to Article 3899, supra, we quote from the above mentioned case as follows:

"The manifest purpose of this statute was
to provide a means of ascertaining the correct-
ness of expense items each month as they are
incurred. The actual expenses paid or incurred
constitute the measure of the official's right
to recoupment. The monthly itemization is for
the protection of the county by affording a means
of ascertaining the fact and amount of such
claimed item of expense and whether it was pro-
perly chargeable as such. It is manifest from
the annual reports and confirmed by the evidence
that these expenses were merely estimated and a
lump sum given each year. The statute would be
of no value if its salutory provisions could be
evaded in this manner. . ."

The authorized expenses which may be deducted
under Article 3899, supra, are such expenses as are enum-
erated therein, and an officer to be entitled to make such
deductions must comply with Article 3899, supra, by making
an itemized and sworn statement of all the actual and ne-
cessary expenses incurred by him in the conduct of his
office at the close of each month of his tenure of office.
As above stated, only those expenses which are authorized
under the statute can be deducted. From the facts stated
in your letter, we presume that neither of the above men-
tioned precinct officers made an itemized and sworn month-
ly statement of the expenses incurred by them in the con-
duct of their offices as required by Article 3899, supra.
Therefore, the opinion of the court in the case of Pierson,
Justice of the Peace, et al. v. Galveston County, supra,
answers your first question.

Referring to your second question, you are ad-
vised that it is not the duty of the county auditor or the
commissioners' court to approve the annual accounts of the
above named precinct officers except as provided by Article
3896, making it the duty of the county auditor in counties
having a county auditor to annually examine the books and
accounts of such officers and to report his findings to the
next succeeding grand jury or district court. In counties
having no county auditor, it shall be the duty of the Com-
missioners' court to make the examination of said books and
accounts or have the same made and to make the report to
the grand jury as required by law.

The sworn statement required to be filed annually
by Article 3897, supra, is not required by law to be ap-

proved by the county auditor or the commissioners' court.

Trusting that the foregoing fully answers your inquiries, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Ardell Williams
Ardell Williams
Assistant

AW:jm    SC

APPROVED FEB 29, 1940

/s/  Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee

By____BWB____
Chairman